IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDRE WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:16cv972-WHA-SRW |
| ) | (WO) |
| MONTGOMERY COUNTY ) | |
| COMMISSION, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This cause is before the court on a Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 15) filed by Defendants, the Montgomery County Commission, the Montgomery County Youth Facility, Brandi Alexander, and Patricia Boyd. On March 3, 2017, Woods filed an Amended Complaint, in which he asserted claims for malicious prosecution, abuse of process, and violations of due process and equal protection. (Doc. # 14). Subsequently, on March 13, 2017, Defendants filed this Motion to Dismiss (Doc. # 15) and accompanying brief in support (Doc. # 16). The Plaintiff responded (Doc. # 18) and the Defendants replied (Doc. # 19). For the reasons discussed herein, the Defendants' Motion is due to be GRANTED.

**II.  MOTION TO DISMISS**

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of a complaint, the court is guided by a two-prong approach: first, the court is not bound to accept conclusory statements of the elements of a cause of action and, second, where there are well-pleaded factual allegations, a

court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

### III.  DISCUSSION

Rule 8(a) of the Federal Rules of Civil Procedure ("FRCP") requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." However, the Amended Complaint in this case, while short is anything but plain. As it now stands, the court views the Amended Complaint to contain a state law claim for malicious prosecution against all Defendants (Count 1), a state law claim for abuse of process against all Defendants (Count 2), and two separate federal law claims under Title 18 U.S.C. § 1983 against all Defendants, included in a single count, one for violation of Equal Protection and one for violation of Due Process (Count 3). (Doc. # 14).

Woods's Amended Complaint is due to be dismissed as a shotgun pleading. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate . . . Rule 8(a) . . . are often disparagingly referred to as 'shotgun pleadings.'") Although Woods attempts to state claims for malicious prosecution, abuse of process, and violations of due process and equal protection, it is entirely unclear to the court—and to the Defendants, based upon their filings—which claims Woods is attempting to pursue against which Defendants or

what facts support each of those claims. These deficiencies resulted in a failure to put Defendants on notice of the claims brought against them. *See id.* at 1323 ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.")

Accordingly, the court will *sua sponte* direct Woods to file a more definite statement in the form of a Second Amended Complaint that more clearly states what his claims are and what bases Woods has for asserting each of his claims, including by separately supporting each claim as to each Defendant with enough factual content to give rise to a plausible claim against that Defendant; all in accordance with Rule 10(b) of the FRCP, which, in this case, requires each claim to be stated in separate counts. *See Anderson v. Dist. Bd. of Trs. Of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366–67 (11th Cir. 1996) ("Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading."); *see also Garmley v. Cochran*, 651 Fed. Appx. 933, 936 (11th Cir. 2016) ("Both the language of Rule 10(b) and our previous rulings have instructed parties that they must state each claim for relief in a separate count or defense and that each claim should specify the defendant or defendants to which it applies.")

Although it is typically the defendant's duty, when faced with a poorly drafted pleading to "move the court, pursuant to Rule 12(e) to require the Plaintiff to file a more definite statement, when a defendant fails to do so, the district court ought to take initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead." *Weiland*, 792 F.3d

at 1321 n.10; *see also Cramer v. State of Fla.*, 117 F.3d 1258 (11th Cir. 1997) (noting that when faced with an ambiguous complaint, the "district court, acting on its own initiative, should have stricken appellants' complaints and instructed counsel to replead their cases—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)"); *Anderson*, 77 F.3d at 367 ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.") The Defendants have done that once, with the Plaintiff having been given the opportunity to comply with well-established federal pleading requirements. The Amended Complaint continues to be woefully short of that. The court will allow the Plaintiff one more chance.

## IV.  CONCLUSION

For the reasons stated herein, it is hereby ORDERED that the Defendants' Motion to Dismiss (Docs. # 15) is GRANTED. The Plaintiff's Second Amended Complaint is Dismissed without prejudice to being repled. Plaintiff is DIRECTED to file a Second Amended Complaint complete unto itself as required by Local Rule 15.1 and in accordance with Rule 11 of the FRCP on or before **April 21, 2017**. The Second Amended Complaint must state in separate counts individual claims as to each Defendant with "enough facts to state a claim that is plausible on its face." *Twombly*, 550 U.S. at 570. The separate counts as to each Defendant may not include multiple causes of action, but each count must contain a single cause of action and enough facts to state a claim against that Defendant that is plausible on its face. Only then might Woods's Complaint state a claim upon which relief can be granted.

DONE this the 7th day of April, 2017.

/s/ W. Harold Albritton

4

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE